T.C. Memo. 2008-181

UNITED STATES TAX COURT

RANDALL E. RUNQUIST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9979-07.                    Filed July 30, 2008.

Randall E. Runquist, pro se.

<u>Margaret Burow</u> and <u>Thomas Mackinson</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This case is before us on respondent's
motion to dismiss for failure to properly prosecute.

Petitioner and his wife live in Oregon.

Respondent determined a $22,092 deficiency in petitioner
and his wife's 2004 joint Federal income taxes, and an addition

to tax under section 6651(a)(1)[1] and a penalty under section 6662(a) in the respective amounts of $5,504 and $4,418.

In 2004 petitioner and his wife earned and received wages from their employment with MetroPCS and Tigard-Tualatin School District 23J of $86,755 and $9,685, respectively.

On their late filed joint 2004 Federal income tax return, petitioner and his wife reported a $60,000 early IRA distribution but reported zero in wages.

On audit, respondent charged petitioner and his wife with the above wages and determined the above joint income tax deficiency.

At the Court's April 28, 2008, trial calendar in San Francisco, California, this case was called and set for trial on May 1, 2008. On April 30, 2008, petitioner called respondent's counsel and stated that he wanted to withdraw his petition and not proceed with his case.

At the time of trial on May 1, 2008, petitioner appeared and represented to the Court that he was not a taxpayer, that Congress did not intend to tax everyone--only employees of the Government--and that his and his wife's wages were not taxable. Petitioner offered no credible evidence, and petitioner asked that he be allowed to withdraw his petition.

---

[1]All section references are to the Internal Revenue Code.

At the May 1, 2008, hearing the Court attempted to explain to petitioner the taxability of wages, the overwhelming authority therefor, and the risks that the Court would impose penalties if petitioner continued with tax-protester arguments. The Court also attempted to explain to petitioner the obvious personal financial and other risks associated with petitioner's assertion of tax-protester arguments. Petitioner disclosed that he had already separated from his wife and that his life could not get much worse, and petitioner acknowledged that his many problems related to his tax-protester status.

The Court gave petitioner 2 weeks to reconsider his tax-protester arguments. A followup conference call occurred on May 15, 2008, at which petitioner requested and was given additional time to consider his arguments in this case. At another conference call on June 17, 2008, however, petitioner again asserted the same tax-protester arguments that he was not a taxpayer and that his and his wife's wages were not taxable.

Petitioner's arguments merit no analysis or discussion. The Court has gone out of its way to assist petitioner to abandon his tax-protester status and to become tax compliant. For the reasons stated in respondent's motion to dismiss for lack of prosecution, respondent's motion will be granted.

On our own motion, we will impose on petitioner a penalty of $2,000 under section 6673(a)(1) for filing a frivolous lawsuit and for making frivolous arguments herein.

<u>An appropriate order of dismissal and decision will be entered</u>.